IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20773
Summary Calendar
_____

SHERRY SOUTHARD, ET AL.,

                                        Plaintiffs,

SHERRY SOUTHARD AND TAMMY LEIS

                                        Plaintiffs-Appellants,

versus

THE TEXAS BOARD OF CRIMINAL JUSTICE, ET AL.,

                                        Defendants

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-697, CA-H-94-3003, CA-H-94-2801, CA-H-94-2642,
CA-H-94-2277, CA-H-94-1767 & CA-H-94-396)

_____

September 18, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants Southard and Leis appeal the jury verdict denying their Title VII sexual harassment claim. Appellants contend that the trial court erred in (i) restricting the scope of discovery and evidence admitted, (ii) excluding appellants' expert testimony, and (iii) allowing evidence of appellants' sexual history and predisposition. We affirm, and we address the primary issues herein.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To establish a hostile work environment sexual harassment claim, an employee must show that (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the harassment complained of affected a term, condition, or privilege of employment (i.e., that the sexual harassment was so pervasive or severe as to alter her conditions of employment and create an abusive working environment); and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action reasonably calculated to end the harassment complained of. *See, e.g., Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806 (5th Cir. 1996). Appellants, employees of the Texas Department of Criminal Justice ("TDJC"), allege that they were subject to Title VII sexual harassment by Oscar Strain at TDJC's Michael Prison Unit. They argue that TDJC knew or should have known of the harassment and failed to address adequately their sexual harassment claims.

Appellants maintain that the trial court erred in restricting discovery and excluding evidence of the sexual harassment allegations of various non-plaintiffs. We review evidentiary and discovery rulings of the district court under the deferential abuse-of-discretion standard. *See Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995). The district court excluded testimony of women who claimed to have also been victimized by Strain. The court held that the excluded evidence was not relevant to proving the existence of a hostile work

environment at the Michael Unit because the allegations involved conduct occurring at other units, hundreds of miles away, and involved conduct that occurred subsequent to the period of time at issue in the lawsuit. While we disfavor blanket exclusions of evidence, a trial court's "careful, subjective consideration of the relevance of each proffered witness' testimony" weighs in favor of upholding the district court's decision. *Kelly*, 61 F.3d at 359. In this case, the record reveals that the district court did not issue a blanket exclusion; rather, the court carefully considered each piece of evidence. The court found that allegations of misconduct occurring after the relevant period or at another venue were not relevant to whether a hostile environment existed at the Michael Unit during the applicable period. This logical reasoning does not constitute an abuse of discretion.

Nevertheless, even if the evidence were held to be relevant to the existence of a hostile work environment at the Michael Unit, and the district court abused its discretion in excluding it, we would uphold the evidentiary rulings pursuant to Federal Rule of Evidence 403. Rule 403 provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Evidence of remote incidences of sexual harassment would not only create prejudice towards the defendant, but would also promote confusion and delay.

3

Furthermore, erroneous evidentiary rulings by the trial court constitute reversible error only when those rulings have affected a party's substantial rights. *See* FED. R. EVID. 103. An error does not affect substantial rights "if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1094 (5th Cir. 1994)(quoting *Munn v. Algee*, 924 F.2d 568, 573 (5th Cir. 1991)). Exclusion of evidence regarding conduct remote in time and place did not affect appellants' substantial rights because a jury could not properly consider it in making a decision about the conduct in question.

Appellants also maintain that discovery was inappropriately limited. Information sought in discovery must be relevant to the subject matter in the case and must at least be reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). Thus, the district court's denial of discovery into matters not related to the sexual harassment claim did not constitute an abuse of its discretion.

In addition, appellants contend that the trial court erred in excluding the expert testimony of V. Lopez-Robinson even though she may be considered an expert in employment law. We review the admission or exclusion of expert evidence for an abuse of discretion. *See Moore v. Ashland Chem., Inc.*, No. 95-20492, 1998 WL 476214, at *4 (5th Cir. Aug. 14, 1998). The trial court found that Ms. Lopez-Robinson's lack of EEO and sexual harassment investigative experience precluded her from testifying as an expert

4

on the issue of whether the EEO conducted a proper sexual harassment investigation. This conclusion--that Ms. Lopez-Robinson did not possess the specific expertise necessary--does not show an abuse of discretion.

Finally, appellants maintain that the trial court abused its discretion in admitting into evidence correspondence written by one appellant, Southard, to an inmate housed at the Michael Unit. Appellants contend that the correspondence improperly shows Southard's sexual history and predisposition in violation of Federal Rule of Evidence 412 because it reveals Southard's romantic relationship with the inmate and because it has a sexual content. However, the correspondence between Southard and the inmate, a white supremacist, contains statements demonstrating Southard's racial hostility towards Oscar Strain and thus reveals a possible motive for her lawsuit. Therefore, the trial court did not abuse its discretion in admitting the evidence.

AFFIRMED.